### 20460. HARRIS v. ATLANTIC COAST LINE RAILROAD CO. et al.

STEPHENS, J. 1. One half of the excess over $1.25 a day of wages earned is subject to garnishment. Civil Code (1910), § 5298, as amended (Ga. L. 1914, p. 62). This is true notwithstanding the employer has, with the employee's consent, paid a portion of the wages to a creditor of the employee, thereby leaving the balance due from the employer to the employee an amount less than $1.25 a day. The amount of the wages earned by the employee under his contract of employment, and not the balance of the wages due to him after a portion of the wages has, with his consent, been paid by the employer to a creditor of the employee, furnishes the basis for the computation of the amount of the wages exempt from garnishment.

2. Where an employee, during a period of twenty-eight days, has, at the rate of $2.20 a day, earned $58.80, one half of the excess of this amount

over $35 ($1.25 x 28 days), viz. $11.90, is subject to garnishment, notwithstanding the employer has, with the employee's consent, paid $35.40 of the employee's wages to a creditor of the employee, thus leaving a balance due from the employer to the employee of $23.40,—an amount less than $1.25 a day and within the amount exempt by law from garnishment.

3. The magistrate did not err in sustaining the traverse to the garnishees' answer and rendering judgment against them in the sum of $11.90. The judge of the superior court therefore erred in sustaining the certiorari sued out by the garnishees and in rendering final judgment in their favor, sustaining their answer of no indebtedness subject to garnishment.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 17, 1930.

*Joseph G. Faust,* for plaintiff.
*Cumming & Harper,* for defendants.